1 George L. Hampton IV (State Bar No. 144433)
ghampton@hamptonholley.com
2 Colin C. Holley (State Bar No. 191999)
cholley@hamptonholley.com
3 HAMPTONHOLLEY LLP
2101 East Coast Highway, Suite 260
4 Corona del Mar, California 92625
Telephone: 949.718.4550
5 Facsimile: 949.718.4580

6 Attorneys for Third Party Plaintiffs
OAK TREE MEDICAL CORPORATION and
7 OAK TREE ASC, LLC

8 UNITED STATES DISTRICT COURT

9 CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

10

11 NEUROGRAFIX, a California corporation; WASHINGTON
12 RESEARCH FOUNDATION, a not for profit Washington corporation,

13 Plaintiffs,

14 vs.

15 OAK TREE MEDICAL
16 CORPORATION, a California corporation; OAK TREE ASC, LLC, a
17 California limited liability corporation; JAY TSURUDA, M.D., an individual,

18 Defendants.

19 _____

20 OAK TREE MEDICAL
CORPORATION; OAK TREE ASC,
21 LLC,

22 Third-Party Plaintiffs,

23 vs.

24 PHILIPS ELECTRONICS NORTH
AMERICA CORPORATION d/b/a
25 PHILIPS MEDICAL SYSTEMS NORTH
AMERICA,
26

27 Third-Party Defendant.

28

Case No. CV 08-02923 CAS (JTLx)

**FIRST AMENDED THIRD-PARTY COMPLAINT FOR:**

**(1) BREACH OF THE DUTY TO INDEMNIFY;**
**(2) BREACH OF THE DUTY TO DEFEND;**
**(3) DECLARATORY RELIEF;**
**(4) FRAUD;**
**(5) BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING;**
**(6) CONTRIBUTION; AND**
**(7) UNJUST ENRICHMENT**

[DEMAND FOR JURY TRIAL]

HAMPTONHOLLEY LLP
2101 East Coast Highway, Suite 260
Corona del Mar, California 92626

P:\Client\Oak Tree\Pleadings\First Amended Third-Party Complaint.doc

Defendant, Counter-Claimants and Third-Party Plaintiffs Oak Tree Medical Corporation ("Oak Tree Medical") and Oak Tree ASC, LLC ("Oak Tree ASC" and together with Oak Tree Medical, "Oak Tree") bring this action against Third-Party Defendant Philips Electronics North America Corporation ("Philips") d/b/a Philips Medical Systems North America as follows:

## Jurisdiction

1.    This Court has subject matter jurisdiction over the underlying action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because the underlying action concerns a federal question relating to patents arising under Title 35 of the United States Code. This Court has supplemental jurisdiction of the claims herein under Title 28, United States Code, particularly Section 1367(a), because the claims herein are so related to the claims in the underlying action within this court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

## The Parties

2.    Oak Tree Medical is a California professional medical corporation with its principal place of business in Pasadena, California.

3.    Oak Tree ASC is a California limited liability corporation with its principal place of business in Pasadena, California.

4.    Oak Tree is informed and believes and thereon alleges that Philips d/b/a Philips Medical Systems North America is a Delaware corporation with its principal place of business in New York, New York.

5.    Oak Tree is informed and believes and thereon alleges that Philips is qualified to conduct business in California, maintains an agent for service of process in California, conducts business in this judicial district and maintains a place of business at 6400 Oak Canyon, Suite 250, Irvine, California 92618.

2

### The Underlying Complaint

6.     Neurografix ("NGFX") and the Washington Research Foundation ("WRF") claim that the University of Washington is the owner by assignment of U.S. Patent No. 5,560,360 (the "'360 Patent") entitled "Image Neurography and Diffusion Anisotropy Imaging," that the University of Washington granted WRF an exclusive license and all substantial rights under the '360 Patent, and that WRF later granted NGFX an exclusive license under the '360 Patent, including the right to enforce the '360 Patent and sue infringers for present and past infringement.

7.     NGFX and WRF filed a complaint for patent infringement against Oak Tree and Jay Tsuruda, M.D. ("Dr. Tsuruda") in this Court.

8.     NGFX and WRF allege in their complaint that Oak Tree and Dr. Tsuruda have infringed and continue to infringe directly, indirectly, contributorily, and/or by inducement, the '360 Patent by making, using, importing, offering for sale and/or selling products and services in this district and elsewhere in the United States, including, without limitation, the provision of peripheral nerve MRI imaging services.

### Count One – Breach of Duty to Indemnify

9.     Oak Tree incorporates by reference each of the allegations in paragraphs 1 through 8 above.

10.    On or about October 12, 2004, Oak Tree, by and through one of its principals, Robert Wycoff, M.D. ("Dr. Wycoff"), entered into a written contract with Philips for the lease of a piece of Philips medical equipment sometimes described as an Achieva Pulsar Stationary with Nova Upgrade (the "Philips Product").

11.    Said contract includes the following language:

Patent Infringement Claims:  Philips shall defend or settle any claim against the Customer that a Philips product provided in this quotation infringes a valid claim under a United States patent provided that the Customer (i) provides Philips prompt written notice of the

3

HAMPTONHOLLEY LLP
2101 East Coast Highway, Suite 260
Corona del Mar, California 92625

claim, (ii) grants Philips full and complete information and assistance necessary for Philips to defend, settle or avoid the claim, and (iii) gives Philips sole control of the defense or settlement of the claim. The provisions of this section shall not apply in the event of any sale or other transfer of the product by the Customer.

In the event the products are found or believed by Philips to infringe such a claim. Philips may, at its option, (i) procure the right for the Customer to use the  product, (ii) replace or modify the product to avoid infringement, or (iii) refund to the Customer a portion of the product purchase price upon the return of the original product. Philips shall have no obligation to any claim of infringement arising from Philips' compliance with the Customer's designs, specifications, or instructions; Philips use of technical information or technology supplied the Customer; modifications to the product by the Customer or its agents; use of the product other than in accordance with the product specifications or applicable written product instructions; use of the product with products not manufactured by Philips if infringement would have been avoided by the use of a current unaltered release of the products; or use of the products after Philips has offered the Customer one of the options described in this section. Philips will not be liable for any claim where the damages sought are based directly or indirectly upon the quantity or value of products manufactured by means of the products purchased under this quotation, or based upon the amount of use of the product regardless of whether such claim alleges the product or its use infringes or contributes to the infringement of such claim. The terms in this section state Philips' entire obligation and liability for claims of infringement, and the Customer's sole remedy in the event of a claim of infringement.

4

HAMPTONHOLLEY LLP
2101 East Coast Highway, Suite 260
Corona del Mar, California 92625

1    12.    The contract also includes the following limitation of liability and

2  disclaimer:

> Limitation of Liability:  The liability, if any, of Philips for
>
> damages whether arising from breach of the terms in this quotation,
>
> breach of warranty, negligence, indemnity, strict liability or other tort,
>
> or otherwise with respect to the products and services is limited to an
>
> amount not to exceed the price of the product or service giving rise to
>
> the liability.
>
> DISCLAIMER:  IN NO EVENT SHALL PHILIPS BE LIABLE
>
> FOR ANY INDIRECT, PUNITIVE, INCIDENTAL,
>
> CONSEQUENTIAL, OR SPECIAL DAMAGES, INCLUDING
>
> WITHOUT LIMITATION, LOST REVENUES OR PROFITS, OR
>
> THE COST OF SUBSTITUTE PRODUCTS OR SERVICES
>
> WHETHER ARISING FROM BREACH OF THE TERMS IN THIS
>
> QUOTATION, OR OTHER TORT.  PHILIPS SHALL HAVE NO
>
> LIABILITY FOR ANY GRATUITOUS ADVICE PROVIDED TO
>
> THE CUSTOMER.

18    13.    The contract also includes a confidentiality provision requiring that the

19  contract be kept confidential.  For that reason, Oak Tree has not attached a copy of

20  the contract.

21    14.    Oak Tree is informed and believes and thereon alleges that NGFX and

22  WRF contend that the Philips Product infringes the '360 Patent without any software

23  or hardware modification to the Philips Product.

24    15.    Oak Tree is informed and believes and thereon alleges that all of the

25  scans cited as evidence of infringement in Plaintiffs' Disclosure of Asserted Claims

26  and Infringement Contentions, served by NGFX and WRF in the underlying action

27  on or about October 6, 2008, were acquired using Philips' standard selectable

28  protocols without any software or hardware modification to the Philips Product.

HAMPTONHOLLEY LLP
2101 East Coast Highway, Suite 260
Corona del Mar, California 92625

5

16. Philips is obligated to indemnify Oak Tree for damages awarded in the underlying action.

17. Oak Tree has performed under the contract including by providing Philips with prompt written notice of the underlying patent infringement case.

18. As alleged more specifically below, Philips has in the past and continues to refuse to comply with its duty to defend or settle the underlying action and has indicated that it does not believe it has a duty to indemnify Oak Tree.

19. Oak Tree has been incurring and will continue to incur attorneys' fees and costs associated with its defense of the underlying patent infringement case. Oak Tree is entitled to recover those fees and costs from Philips. Oak Tree is also entitled to recover from Philips any award of damages against it in the underlying patent infringement case.

### Count Two – Breach of the Duty to Defend

20. Oak Tree incorporates by reference each of the allegations in paragraphs 1 through 19 above.

21. Philips is obligated to defend or settle the underlying patent infringement case on behalf of Oak Tree.

22. Oak Tree has performed under the contract including by providing Philips with prompt written notice of the underlying patent infringement case, but Philips has not complied with its duty to defend or settle.

23. Oak Tree has been incurring and will continue to incur attorneys' fees and costs associated with its defense of the underlying patent infringement case. Oak Tree is entitled to recover those fees and costs from Philips.

### Count Three – Declaratory Relief

24. Oak Tree incorporates by reference each of the allegations in paragraphs 1 through 23 above.

25. An actual and immediate justiciable controversy exists between Oak Tree on one hand and Philips on the other hand concerning Philips' obligations to

HAMPTONHOLLEY LLP
2101 East Coast Highway, Suite 260
Corona del Mar, California 92625

6

1   defend or settle the underlying patent infringement case on behalf of Oak Tree and to

2   indemnify Oak Tree.  Oak Tree contends that Philips must defend or settle the

3   underlying patent infringement case on its behalf and must indemnify Oak Tree for

4   damages awarded against it in the underlying patent infringement case.  Oak Tree is

5   informed and believes and thereon alleges that Philips disputes these contentions and

6   contends that it is not under an obligation to defend, settle or indemnify in

7   connection with the underlying case.

8       26.   Declaratory relief is appropriate and Oak Tree is entitled to judgment

9   from this Court that: (a) Philips has a duty to defend or settle the underlying patent

10  infringement case, and (b) Philips must indemnify Oak Tree for damages awarded

11  against it in the underlying patent infringement case.

12                      **Count Four – Fraud**

13      27.   Oak Tree incorporates by reference each of the allegations in paragraphs

14  1 through 23 above.

15      28.   Oak Tree is informed and believes and thereon alleges that Philips

16  contends that it is not obligated to defend and indemnify Oak Tree because Philips

17  has not been named as a defendant in the underlying action.

18      29.   Philips' failure to disclose, in connection with the formation of the

19  written lease contract, that it would only defend and indemnify Oak Tree against

20  patent infringement claims where Philips was also named as a defendant and was

21  alleged to have infringed, was an omission of a material fact made with the intent to

22  induce Oak Tree to enter into the contract in reliance thereon.

23      30.   Oak Tree, at the time this failure to disclose occurred, and at the time

24  Oak Tree entered into the contract with Philips, was ignorant of the fact that Philips

25  would only defend and indemnify Oak Tree against patent infringement claims

26  where Philips was also named as a defendant and was also alleged to have infringed.

27      31.   If Oak Tree had been aware of the fact that Philips would only defend

28  and indemnify Oak Tree against patent infringement claims where Philips was also

HAMPTONHOLLEY LLP
2101 East Coast Highway, Suite 260
Corona del Mar, California 92626

7

1 named as a defendant and was also alleged to have infringed, Oak Tree would not
2 have entered into the contract with Philips.

3    32.   Oak Tree's reliance on Philips' omission of material fact was justified as
4 the omission is contrary to the terms of the agreement.

5    33.   In committing the acts described above, Philips acted in bad faith,
6 vitiating the limitation of liability and disclaimer provisions in the contract.

7    34.   As a result of Philips' fraud, Oak Tree has been damaged in an amount
8 subject to proof at trial.

9    35.   In committing the acts described above, Philips acted with malice,
10 oppression and fraud.  Philips' conduct warrants an assessment of punitive damages
11 in an amount appropriate to punish Philips and deter others from engaging in similar
12 wrongful conduct.

## Count Five – Breach of the Implied Covenant
## of Good Faith and Fair Dealing

15    36.   Oak Tree incorporates by reference each of the allegations in paragraphs
16 1 through 23 and 27 through 35 above.

17    37.   The contract between Philips and Oak Tree contains an implied
18 covenant of good faith and fair dealing which provides that neither party will do
19 anything deliberately to deprive the other of the benefits of the contract.

20    38.   Philips' failure to defend or settle the underlying patent infringement
21 case and Philips' failure to indemnify Oak Tree in the underlying action is intentional
22 and unreasonable and is in bad faith in that Philips has no lawful, arguable or
23 reasonable ground on which to deny Oak Tree's repeated requests that Philips defend
24 and indemnify Oak Tree as set forth above.  Oak Tree further alleges on information
25 and belief that Philips is aware that it has no lawful, arguable  or reasonable ground
26 on which to deny Oak Tree's demands that Philip defend and indemnify Oak Tree.

27    39.   Philips' bad faith vitiates the limitation of liability and disclaimer
28 provisions in the contract.

8

HAMPTONHOLLEY LLP
2101 East Coast Highway, Suite 260
Corona del Mar, California 92625

1    40.    Oak Tree alleges that Philips' actions in supplying a product to Oak Tree

2    which is alleged to infringe the '360 Patent without any modification to the hardware

3    or software, and then breaching its obligation to defend and indemnify Oak Tree,

4    violate New York General Business Law § 349, and Oak Tree further alleges that

5    such actions are aimed at Oak Tree and are part of a pattern of egregious conduct

6    directed to the public generally.

7    41.    As a result of Philips' breach of the covenant of good faith and fair

8    dealing, Oak Tree has been damaged in an amount subject to proof at trial.

9    42.    In committing the acts described above, including Philips' fraud, bad

10    faith refusal to defend and indemnify Oak Tree, and violation of New York General

11    Business Law § 349, Philips acted in conscious disregard of Oak Tree's rights and is

12    guilty of malice, oppression and fraud.  Philips' conduct warrants an assessment of

13    punitive damages in an amount appropriate to punish Philips and deter others from

14    engaging in similar wrongful conduct.

### Count Six – Contribution

15

16    43.    Oak Tree incorporates by reference each of the allegations in paragraphs

17    1 through 23 above.

18    44.    Oak Tree contends that if for any reason it is held liable for patent

19    infringement by virtue of using the Philips Product without any software or hardware

20    modification, Oak Tree is entitled to contribution from Philips for the payment of

21    any judgment in favor of NGFX and WRF in the underlying action against Oak Tree.

### Count Seven – Unjust Enrichment

22

23    45.    Oak Tree incorporates by reference each of the allegations in paragraphs

24    1 through 23 above.

25    46.    Philips has been unjustly enriched at Oak Tree's expense by refusing to

26    defend and indemnify Oak Tree even though all of all the scans cited as evidence of

27    infringement in Plaintiffs' Disclosure of Asserted Claims and Infringement

28    Contentions, served by NGFX and WRF on or about October 10, 2008, were

9

HAMPTONHOLLEY LLP
2101 East Coast Highway, Suite 260
Corona del Mar, California 92625

1  acquired using Philips' standard selectable protocols without any software or

2  hardware modification to the Philips Product.

3      47.    Philips retention of the benefits of having Oak Tree defend against

4  NGFX and WRF's claims of patent infringement is unjust and is against all equity

5  and good conscience.

6      48.    Oak Tree is thus entitled to equitable restitution and/or quasi-contractual

7  recovery from Philips in an amount subject to proof at trial.

8  <center>**PRAYER FOR RELIEF**</center>

9  WHEREFORE, Oak Tree prays for judgment against Philips as follows:

10  AS TO COUNT ONE:

11      a.    For attorneys' fees and costs incurred by Oak Tree in defending and/or

12      settling the underlying patent infringement case (including but not

13      limited to attorneys' fees and costs associated with Oak Tree's Counter-

14      Claim) and in prosecuting this First Amended Third-Party Complaint;

15      and

16      b.    For an amount equal to any award of damages against Oak Tree in the

17      underlying patent infringement case.

18  AS TO COUNT TWO:

19      a.    For attorneys' fees and costs incurred by Oak Tree in defending and/or

20      settling the underlying patent infringement case (including but not

21      limited to attorneys' fees and costs associated with Oak Tree's Counter-

22      Claim) and in prosecuting this First Amended Third-Party Complaint.

23  AS TO COUNT THREE:

24      a.    For a judicial determination that (a) Philips has a duty to defend or settle

25      the underlying patent infringement case against Oak Tree; and (b)

26      Philips must indemnify Oak Tree for damages awarded against it in the

27      underlying patent infringement case.

28

HAMPTONHOLLEY LLP
2101 East Coast Highway, Suite 260
Corona del Mar, California 92626

<center>10</center>

AS TO COUNTS FOUR AND FIVE:

a.  For an award of damages in an amount subject to proof at trial; and

b.  For an assessment of punitive damages in an amount appropriate to punish Philips and deter others from engaging in similar wrongful conduct.

AS TO COUNT SIX:

a.  For contribution from Philips for the payment of any judgment in favor of NGFX and WRF in the underlying action against Oak Tree.

AS TO COUNT SEVEN:

a.  For equitable restitution and/or quasi-contractual recovery from Philips in an amount subject to proof at trial.

AS TO ALL COUNTS:

a.  For the costs of suit incurred herein; and

b.  For such other and/or further relief as this Court may deem just and proper.

Dated: November 10, 2008          HAMPTONHOLLEY LLP

By: _____
George L. Hampton IV
Attorneys for Third Party Plaintiffs Oak
Tree Medical Corporation and Oak Tree
ASC, LLC

11

P:\Client\Oak Tree\Pleadings\First Amended Third-Party Complaint.doc

HAMPTONHOLLEY LLP
2101 East Coast Highway, Suite 260
Corona del Mar, California 92625

## DEMAND FOR JURY TRIAL

Oak Tree Medical Corporation and Oak Tree ASC, LLC hereby demand a jury trial of all claims alleged in their First Amended Third-Party Complaint, as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated:  November _10_ , 2008

HAMPTONHOLLEY LLP

By: _____
George D. Hampton IV
Attorneys for Third Party Plaintiffs Oak Tree Medical Corporation and Oak Tree ASC, LLC

HAMPTONHOLLEY LLP
2101 East Coast Highway, Suite 260
Corona del Mar, California 92625

12

P:\Client\Oak Tree\Pleadings\First Amended Third-Party Complaint.doc